UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BLAKE ALEXANDER JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00147-TWP-DML |
| | ) | |
| SHEILA HARRISON, | ) | |
| ANDRE GARCIA, | ) | |
| CHYENNE JARRETT, | ) | |
| DAVE THOMAS, | ) | |
| JEFFERSON COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint, Discussing the Plaintiff's Motion for the Court's Assistance, and Directing Further Proceedings**

The plaintiff Blake Alexander Johnson is a pre-trial detainee at the Jefferson County Jail ("JCJ"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. For the reasons explained below, certain claims are dismissed while other claims shall proceed as submitted.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

1

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The plaintiff brings this cause of action against (1) Sheila Harrison, jail commander; (2) Chyenne Jarrett, captain; (3) Andre Garcia, captain; (4) Dave Thomas, Jefferson County Sheriff; and (5) Jefferson County, Indiana. The plaintiff seeks money damages against each defendant and injunctive relief in the form of having Sheriff Dave Thomas resign and terminating the employment of all administrative staff at JCJ.

The plaintiff asserts that on April 11, 2019, Sheriff Dave Thomas and his staff, Sheila Harrison, Chyenne Jarrett, and Andre Garcia, placed the plaintiff in administrative segregation without the plaintiff receiving a disciplinary write-up, conduct report, or otherwise acting in a manner that could be labeled a security threat.

On April 11, 2019, the plaintiff's clothing, legal and personal mail, hygiene items, and religious effects were denied to him. In addition, all visits and phone calls were also denied to the plaintiff. The plaintiff's legal mail and hygiene items were denied until April 28, 2019. As a result, the plaintiff was denied his legal mail while his pre-trial process was proceeding and was denied soap, toothpaste, and other hygiene products for eighteen days.

The plaintiff alleges that Andre Garcia and Chyenne Jarrett moved a known member of the Ku Klux Klan into a dorm with multiple inmates of color. "Something happen[ed]" to the inmate who is a member of the Ku Klux Klan. The plaintiff alleges that he was charged with

2

battery by Sheila Harrison, Andre Garcia, Chyenne Jarrett, and Sheriff Dave Thomas due to the plaintiff's race. As a result, the plaintiff was placed in administrative segregation and labeled a threat to the security of the facility. This occurred without proof and without the plaintiff receiving a write-up or going in front of a disciplinary board.

### III. Discussion of Claims

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (*citing West v. Atkins*, 487 U.S. 42, 48 (1988)). The threshold inquiry in a § 1983 suit, is to "identify the specific constitutional right" at issue. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation. *Manuel*, 137 S. Ct. at 920.

Because the plaintiff is a pre-trial detainee, his claims are understood to be brought under the Fourteenth Amendment.

**Fourteenth Amendment – Due Process**

The plaintiff asserts that his due process rights were violated when he was temporarily placed in administrative segregation. However, the plaintiff has no due process or other right to be free from placement in administrative segregation at the JCJ for eighteen days, even if he thought it unjustified. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests. . . .") (citing *Sandin v. Conner,* 515

U.S. 472, 484 (1995)). *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

**Fourteenth Amendment – Conditions of Confinement**

The plaintiff alleges that his due process rights were also violated by Sheila Harrison, Andre Garcia, Chyenne Jarrett, and Sheriff Dave Thomas when he was denied soap, toothpaste, and other hygiene products for eighteen days during segregation. Inmates are entitled to "'the minimal civilized measure of life's necessities.'" *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[L]ife's necessities include shelter, heat, hygiene items and clothing." *Rice ex rel. Rice v. Correctional Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012) (incarcerated persons are entitled to confinement under humane conditions which provide for their basic human needs, including adequate sanitation and hygienic materials). This Fourteenth Amendment claim **shall proceed**.

**Fourteenth Amendment – Equal Protection**

The plaintiff claims that his equal protection rights were violated because he was disciplined on account of his race. The claim that Sheila Harrison, Andre Garcia, Chyenne Jarrett, and Sheriff Dave Thomas discriminated against the plaintiff based on his race **shall proceed** under the Equal Protection Clause of the Fourteenth Amendment.

**Municipal Liability**

The plaintiff asserts a claim against Jefferson County, Indiana. There are no factual allegations asserted against Jefferson County. "[M]unicipal governments [including counties] cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for

constitutional violations committed by their employees. As such, the plaintiff's claim against Jefferson County, Indiana is **dismissed**.

## IV. Motion for Court's Assistance

The plaintiff's Motion for Court's Assistance filed on July 29, 2019, dkt. [6] is **granted** to the extent that the plaintiff may file an amended complaint with the Court and the Court will assist the plaintiff with serving the remaining defendants. The **clerk is directed** to include a form Motion for Assistance with Recruiting Counsel with the plaintiff's copy of this Entry.

## V. Summary and Issuance of Process

This action **shall proceed** with claims against (1) Sheila Harrison, (2) Andre Garcia, (3) Chyenne Jarrett, and (4) Sheriff Dave Thomas. The **clerk is directed** to terminate Jefferson County, Indiana as a party in this action. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through September 30, 2019**, to identify those claims.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants (1) Sheila Harrison, (2) Andre Garcia, (3) Chyenne Jarrett, and (4) Sheriff Dave Thomas in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED**.

Date: 8/27/2019

_signature_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BLAKE ALEXANDER JOHNSON
8228
JEFFERSON COUNTY JAIL
317 South Walnut St.
Madison, IN 47250

Sheila Harrison
317 Walnut Street
Madison, IN 47250

Andre Garcia
317 Walnut Street
Madison, IN 47250

Chyenne Jarrett
317 Walnut Street
Madison, IN 47250

Dave Thomas
Sheriff's Office
317 Walnut Street
Madison, IN 47250