UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BLAKE ALEXANDER JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-00147-TWP-DML ) |
| SHEILA HARRISON, ANDRE GARCIA, CHYENNE JARRETT, DAVE THOMAS, | ) ) ) ) ) |
| Defendants. | ) |

**Entry Granting Motion to Amend Complaint and Screening the Amended Complaint**

**I.**

The plaintiff filed a motion to amend the complaint on September 3, 2019. *See* dkt. 11. The plaintiff's motion to amend the complaint, dkt. [11], is **granted**. The **clerk is directed** to re-docket the proposed amended complaint, dkt. [11-2], as the first amended complaint in this action. The amended complaint is now subject to screening.

**II.**

The plaintiff Blake Alexander Johnson is a pre-trial detainee at the Jefferson County Jail (the "Jail"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants.

The plaintiff's amended complaint sets forth additional details about his confinement, but none of the underlying claims that the Court noted in its original screening entry, dkt. 9, have changed.

## III. The Complaint

The plaintiff brings this cause of action against (1) Sheila Harrison, Jail Commander; (2) Chyenne Jarrett, Captain; (3) Andre Garcia, Captain; and (4) Dave Thomas, Jefferson County Sheriff. The plaintiff seeks money damages and injunctive relief.

The plaintiff alleges that Andre Garcia and Chyenne Jarrett moved a known member of the Ku Klux Klan into a dorm with multiple inmates of color. The inmate who is a member of the Ku Klux Klan was attacked by other inmates. The plaintiff alleges that he was charged with battery by Sheila Harrison, Andre Garcia, Chyenne Jarrett, and Sheriff Dave Thomas due to his race. As a result, on April 11, 2019, the plaintiff was placed in administrative segregation and labeled a threat to the security of the facility. This occurred without proof and without the plaintiff receiving a write-up or going in front of a disciplinary board.

The plaintiff asserts that on or about April 7, 2019, the plaintiff was told to pack his belongings and moved to a temporary cell on orders from Sheriff Dave Thomas. While in segregation, the plaintiff's clothing, legal and personal mail, hygiene items, and religious effects were confiscated. In addition, all visits and phone calls were also denied to the plaintiff. The plaintiff's legal mail and hygiene items were returned April 28, 2019. His religious items have still not been returned.

## III. Discussion of Claims

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (*citing West v. Atkins*, 487 U.S. 42, 48 (1988)). The threshold inquiry in a § 1983 suit, is to "identify the specific

constitutional right" at issue. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation. *Manuel*, 137 S. Ct. at 920.

Because the plaintiff is a pre-trial detainee, his claims are understood to be brought under the Fourteenth Amendment.

### Fourteenth Amendment – Due Process

The plaintiff asserts that his due process rights were violated when he was temporarily placed in administrative segregation. However, the plaintiff has no due process or other right to be free from placement in administrative segregation at the Jail for eighteen days, even if he thought it unjustified. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests. . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

### Fourteenth Amendment – Conditions of Confinement

The plaintiff alleges that his due process rights were violated by Sheila Harrison, Andre Garcia, Chyenne Jarrett, and Sheriff Dave Thomas when he was denied mail, soap, toothpaste, and other hygiene products for eighteen days during segregation. Inmates are entitled to "'the minimal civilized measure of life's necessities.'" *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[L]ife's necessities include shelter, heat, hygiene items and clothing." *Rice ex rel. Rice v. Correctional Med. Servs.*, 675 F.3d

650, 664 (7th Cir. 2012) (incarcerated persons are entitled to confinement under humane conditions which provide for their basic human needs, including adequate sanitation and hygienic materials). This Fourteenth Amendment claim **shall proceed**.

### Fourteenth Amendment – Equal Protection

The plaintiff claims that his equal protection rights were violated because he was disciplined on account of his race. The claim that Sheila Harrison, Andre Garcia, Chyenne Jarrett, and Sheriff Dave Thomas discriminated against the plaintiff based on his race **shall proceed** under the Equal Protection Clause of the Fourteenth Amendment.

### V. Further Proceedings

This action shall proceed as to the claims against (1) Sheila Harrison, (2) Andre Garcia, (3) Cheyenne Jarrett, and (4) Sheriff Dave Thomas. This action shall proceed with the amended complaint, dkt. 11-2, as the operative pleading.

Because the defendants have appeared in the action, they have received service of the amended complaint (and they will receive service of this Entry) through the docket. The defendants shall respond to the amended complaint in the time provided by Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED**.

Date: 9/20/2019

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BLAKE ALEXANDER JOHNSON
8228
JEFFERSON COUNTY JAIL
317 South Walnut St.
Madison, IN 47250

Shawn M. Sullivan
TERRELL BAUGH SALMON & BORN LLP
ssullivan@tbsblaw.com