UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BLAKE ALEXANDER JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-00147-TWP-DML |
| ) | |
| SHEILA HARRISON, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Sheila Harrison, Andre Garcia, Cheyenne Jarrett and Dave Thomas (Collectively the Defendants). (Dkt. 28). Plaintiff Blake Johnson (Mr. Johnson) filed this action alleging that he was denied hygienic products such as soap, toothpaste, and cleaning supplies during his confinement as a pretrial detainee at Jefferson County Jail, in violation of the Fourteenth Amendment Due Process Clause. He also alleges that his placement in administrative segregation was motivated by his race in violation of his right to equal protection.[1]

Mr. Johnson has failed to present a genuine dispute of material fact on either of these claims. At most, he has established a temporary deprivation of hygienic products, which under these circumstances does not violate the Constitution. Further, he does not present any evidence that his placement in administrative segregation was motivated by race. Accordingly, the Defendants' Motion for Summary Judgment is **granted**.

---

[1] The parties' briefs discuss the lawfulness of Mr. Johnson's placement in administrative segregation under the Fourteenth Amendment Due Process Clause and the alleged confiscation of his legal mail. As noted in the Order screening the amended complaint, Mr. Johnson's equal protection and conditions of confinement claims are the only claims currently proceeding in this action. *See* dkt. 18.

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record"

for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3)

## II.  FACTUAL BACKGROUND

### A.  The Parties

Plaintiff Blake Johnson was a pretrial detainee at Jefferson County Jail during the time period relevant to this action. He is currently an inmate of the Indiana Department of Correction.

Defendant Shelia Harrison was the Jail Commander of Jefferson County Jail during the time period relevant to this action. Dkt. 30-2, para. 2. Her duties included the administration of Jefferson County Jail, including the classification of inmates. *Id.*

Defendant Andre Garcia was a Captain at Jefferson County Jail during the time period relevant to this action. Dkt. 30-1, para. 2 His duties included the administration of Jefferson County Jail, including the classification of inmates. *Id.*

Defendant Chyenne Jarrett was the Assistant Jail Commander at Jefferson County Jail during the time period relevant to this action. Dkt. 30-4, para. 2.

Defendant David Thomas was the elected Sheriff of Jefferson County, Indiana, during the time period relevant to this action. Dkt. 30-3, para. 2. His duties included taking care of Jefferson County Jail and persons detained in Jefferson County Jail. *Id.* at para. 3.

### B.  Events during Mr. Johnson's confinement at Jefferson County Jail

On October 18, 2018, Mr. Johnson was detained as a pretrial detainee at Jefferson County Jail on charges of criminal confinement, strangulation, intimidation, and domestic battery. Dkt. 30-1, para. 3; dkt. 30-6. At the time of his arrest, Mr. Johnson's criminal history included convictions for residential entry, strangulation, battery, and conspiracy to deal methamphetamine.

3

Dkt. 30-1, para. 4. During a previous period of incarceration at Jefferson County Jail, Mr. Johnson was found guilty of disciplinary violations for helping to cause flooding in an area of the jail, jamming a cell door lock, and fighting. *Id.* at para. 4.

On February 26, 2019, Mr. Johnson was detained in H Block – an open dormitory setting for inmates. Dkt. 30-1, para. 6; dkt. 30-3, para. 6. On the night of February 26, 2019, one of the jailers was called to H Block and observed visible injuries to another inmate. Dkt. 30-1, para. 7. The inmate was bleeding from the head and scalp and had been badly beaten. *Id.* He required six staples to close a laceration to his scalp and stitches to close lacerations to his nasal area. He also suffered a fractured left maxillary and multiple bruises to the face, neck, and left thigh. *Id.* Captain Garcia reviewed video surveillance of the attack and identified Mr. Johnson as the assailant. *Id.* at para. 8.[2]

Prior to April 2019, Jefferson County Jail did not have a separate segregation unit. Dkt. 30-3, para. 7. After the occurrence of multiple fights and assaults, including the battery committed by Mr. Johnson, officials at Jefferson County Jail converted D Block into a separate segregation unit. *Id.* The segregation unit is one way of minimizing or reducing fights between inmates at the Jail. *Id.* The two-man cells in D Block provide a commode, a sink, two beds, and a window. *Id.*

Inmates in D Block are given two hours of time out of their cells each day from Monday to Friday. *Id.* at para. 8. They may use that time as they see fit and have the option of taking a shower. *Id.* Inmates in D Block typically receive sanitary supplies in the form of an "indigent

---

[2] An Indiana trial court found that Mr. Johnson committed this battery and revoked his probation under Indiana Criminal Case No. 39D01-1605-F3-490. Dkt. 30-1 at para. 15; dkt. 30-8, pp. 18-19. The Indiana Court of Appeals affirmed Mr. Johnson's probation revocation on March 5, 2020. *See Johnson v. State*, 145 N.E.3d 125 (2020). Mr. Johnson did not file a petition to transfer to the Indiana Supreme Court, and the Court of Appeals' decision was certified on May 29, 2020. *See* Indiana Appellate Case No. 19A-CR-2108.

pack," which consists of soap (body wash), a toothbrush, toothpaste, deodorant and envelopes with papers. *Id.*; Dkt. 30-2, para. 10. If the "indigent packs" are unavailable, jail officials provide sanitary supplies such as soap, deodorant, and toothpaste upon an inmate's request. *Id.*

On April 11, 2019, Mr. Johnson was moved to D Block. *See* Dkt. 30-1, para. 13; dkt. 30-2, para. 12. The decision to move Mr. Johnson was based solely on his criminal history and violent behavior at Jefferson County Jail. *Id.* He was housed in a two-man cell where he had access to a commode and a sink. *Id.*

On April 23, 2019, Mr. Johnson submitted the following grievance complaining about a lack of sanitary supplies in D Block:

> On 4-11-19 I was placed in seg. and had all of my hygine (sic) taken from me. I have been in seg. since 4-11-19 and I have been asking for hygine (sic) everyday and have been either denied of hygine (sic) or told there isn't any to be passed out. When told this I asked for my personal hygine (sic) that I purchased from canteen or if I can purchase new hygine (sic) and was refused on both options. I am and have been refused and denied hygine (sic) for 12 days now. This is illegal and inhumane.

Dkt. 39-1, p. 3.

On April 26, 2019, Commander Harrison responded to this grievance, telling Mr. Johnson, "I have already explained this." *Id.*

On July 16, 2019, Mr. Johnson submitted the following grievance complaining about a lack of cleaning supplies in D Block:

> I have been here in seg since 4-11-19 and only once have we received cleaning supplies. There has been multiple flood and over flowed toilets, etc. and we still cant (sic) get proper cleaning supplies. The fruit flies have went from few to way past infestation. We cannot eat or talk without swallowing one or two, and they have completely taken over the showers. Your own officers refuse to go back that way unless ordered. Just because we are in seg. doesn't mean we have to be forced to live this way. Can we please get a cleaning schedule and proper cleaning supplies. This is inhumane.

Dkt. 39-1, p. 12.

On July 22, 2019, Commander Harrison responded to this grievance, telling Mr. Johnson, "This will be addressed today." *Id.*

# III.
# DISCUSSION

## A. Conditions of Confinement

### 1. Fourteenth Amendment Due Process Standard

The defendants mistakenly analyze Mr. Johnson's Fourteenth Amendment Due Process claim under the Eighth Amendment deliberate indifference standard. For the reasons explained below, the defendants' arguments regarding their subjective mental states are irrelevant to Mr. Johnson's conditions of confinement claim.

Until recently, the Seventh Circuit "analyzed pre-conviction Fourteenth Amendment and post-conviction Eighth Amendment conditions-of-confinement claims under the same standard: that of the Eighth Amendment, which has both a subjective and an objective component." *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). The Eighth Amendment's subjective component analyzes whether the defendant's state of mind was "deliberately indifferent 'to adverse conditions that deny the minimal civilized measure of life's necessities.'" *Id.* (quoting *Budd v. Motely*, 711 F.3d 840, 842 (7th Cir. 2013) (internal quotation marks omitted)).

In *Kingsley v. Hendrickson*, the Supreme Court ended this practice and held:

> [T]he appropriate standard for a pretrial detainee's excessive force claim is solely an objective one . . . [A] pretrial detainee can prevail by showing that the [defendant's] actions are not "rationally related to a legitimate non-punitive governmental purpose" or that the actions "appear excessive in relation to that purpose."

135 S. Ct. 2466, 2473 (2015).

6

The Seventh Circuit recently held that "*Kingsley*'s objective inquiry applies to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees." *Hardeman*, 933 F.3d at 823; *see also Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (applying *Kingsley*'s objective standard to pretrial detainees' medical care claims).

In light of *Kingsley*, *Miranda*, and *Hardeman*, the proper inquiry for Mr. Johnson's conditions of confinement claim is whether the defendants were personally involved in creating objectively unreasonable conditions of confinement during Mr. Johnson's pretrial detention at Jefferson County Jail.

2. The Right to Sanitary and Hygienic Conditions of Confinement

Jails and prisons must provide inmates with "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Such necessities include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Inmates are entitled to adequate opportunities for personal hygiene, including a right to regular showers and the right to basic hygienic supplies such as soap, toilet paper, and toothpaste. *Jaros v. Illinois*, 684 F.3d 667, 670-71 (7th Cir. 2012); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988). Limiting inmates to one shower each week does not violate the Constitution. *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988).

Temporary neglect of an inmate's hygienic needs is insufficient to establish a constitutional deprivation. *Harris*, 839 F.2d at 1235-36 (keeping an inmate in a roach-infested cell and depriving him of toilet paper for 5 days and soap and toothpaste for 10 days does not violate the Constitution); *Williams v. Bierman*, 46 F.3d 1134 (7th Cir. 1995) (denial of cleaning materials for two weeks does not violate the Constitution); *but see Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (pest infestation lasting 16 months was a "prolonged deprivation seriously impacting [plaintiff's]

health"); *Board v. Farnham*, 394 F.3d 469, 482 (7th Cir. 2005) (denying an inmate toothpaste for 3.5 weeks was unconstitutional because adequate oral hygiene is necessary to prevent future medical illness, as evidenced by the plaintiff's subsequent tooth removal).

3. <u>Mr. Johnson's Conditions of Confinement Claims</u>

The issue before the Court is whether there is evidence from which a reasonable jury could conclude that Mr. Johnson received a lack of hygienic and sanitary supplies that caused the conditions of his confinement to fall below objective constitutional standards. The only evidence Mr. Johnson sets forth in support of his claims are two grievance forms complaining about these conditions.[3]

The first grievance, dated April 23, 2018, indicates that Mr. Johnson was without a toothbrush, toothpaste, soap, and deodorant for his first 12 days in D Block. Mr. Johnson has not presented evidence, nor does he argue, that he was deprived the opportunity to shower five days a week or clean himself in his sink. At most, the evidence suggests a temporary neglect of his hygienic needs analogous to the deprivation in *Harris*. The lack of a toothbrush and toothpaste, although perhaps more serious, does not rise to the level of deprivation described in *Board*, which lasted approximately 25 days and caused the plaintiff to lose a tooth.

The second grievance, dated July 16, 2019, describes a severe fruit fly infestation and overflowing toilets. These conditions are unfortunate but appear to have been temporary. Mr. Johnson's grievance indicates that, at some point, the fruit fly infestation escalated beyond a mere inconvenience, but the evidence does not establish when this escalation took place. Commander Harrison's response suggests that the situation was resolved in about a week. The

---

[3] Mr. Johnson has not submitted a sworn affidavit, a verified pleading, or a verified brief in response to the motion for summary judgment.

duration of the fruit fly infestation in this case is analogous to the roach infestation in *Harris* and does not establish amount to a constitutional violation.

For the reasons described above, the defendant's motion for summary judgment on this claim is **granted**.

### B. Equal Protection

Inmates are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019). "A policy of deliberate racial segregation of prisoners would raise serious questions under the equal protection clause of the Fourteenth Amendment." *Harris v. Greer*, 750 F.2d 617, 618 (7th Cir. 1984). To avoid summary judgment, Mr. Johnson must come forward with some evidence that would allow a reasonable jury to infer that the defendants intentionally treated him differently because of his race. *Lisle*, 933 F.3d at 720.

In this case, there is no evidence that Mr. Johnson's classification in D Block was motivated by anything other than his own violent conduct. Accordingly, the defendants' motion for summary judgment on this claim is **granted**.

### IV. CONCLUSION

The defendants' motion for summary judgment, dkt. [28], is **granted**. The plaintiff shall take nothing by way of his complaint. Final Judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 8/21/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

9

Distribution:

BLAKE ALEXANDER JOHNSON
246919
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Shawn M. Sullivan
TERRELL BAUGH SALMON & BORN LLP
ssullivan@tbsblaw.com